UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| KEVIN COOPER, | ) | |
|---|---|---|
| *Plaintiff*, | ) | |
| v. | ) | No.: 3:09-cv-18 |
| | ) | (VARLAN/SHIRLEY) |
| UNITED STATES MARSHALS SERVICE and UNNAMED U.S. MARSHALS, | ) ) | |
| *Defendants*. | ) | |

## MEMORANDUM

This is a *pro se* prisoner's action for breach of contract. The matter is before the court on the defendants' motion to dismiss for lack of subject matter jurisdiction and plaintiff's response thereto. For the following reasons, the motion to dismiss [Doc. 10] will be **GRANTED** and this action will be **DISMISSED**. All other pending motions will be **DENIED** as **MOOT**.

Plaintiff is a federal inmate who, on January 14, 2007, was confined in the Knox County Jail pursuant to an Intergovernmental Service Agreement (Agreement) between the Knox County Sheriff's Department (KCSD) and the United States Marshals Service (USMS), a copy of which Agreement is attached to plaintiff's complaint. [Doc. 3, Exhibit B]. On that date, plaintiff was assaulted by his cell mate, resulting in trauma to plaintiff's face, jaw, and skull. He alleges that prior to the assault he had expressed concerns about his safety to a U.S. Marshal and several members of the KCSD, based upon the nature of his crime and the

broadcast on local television of his sentencing hearing. Plaintiff claims that he was a third-party beneficiary of the Agreement and that the defendants breached their duty to exercise reasonable care for his safety by placing him in a facility where they knew or should have known he could not be adequately protected.

The defendants move to dismiss for lack of subject matter jurisdiction on grounds of sovereign immunity. When a defendant challenges subject matter jurisdiction through a motion to dismiss, the plaintiff has the burden of proving the existence of jurisdiction. *See Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990). Plaintiff has failed to meet that burden.

"'It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.'" *Munaco v. United States*, 522 F.3d 651, 652-53 (6th Cir. 2008) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). Thus, "[a]ny claim for which sovereign immunity has not been waived must be dismissed for lack of jurisdiction." *Orff v. United States*, 358 F.3d 1137, 1142 (9th Cir. 2004). In addition, "[a] waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied. Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal citations omitted).

Plaintiff relies on 18 U.S.C. § 4042 for the proposition that he is a third-party beneficiary of the Agreement between the USMS and KCSD. Section 4042, however, concerns the Bureau of Prisons (BOP) and its responsibility for the safekeeping of federal

prisoners, not the USMS. In any event, there is nothing in § 4042 which waives sovereign immunity or establishes a civil cause of action. Section 4042 "establishes the general duties of the BOP" but "does not provide a private cause of action against BOP officials." *Nwaebo v. Hawk-Sawyer*, 100 Fed.Appx. 367, 369 (6th Cir. 2004) (citations omitted).

The courts have made it clear that a federal prisoner's remedy for the breach of a duty of care is against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1), which waives the government's sovereign immunity for the negligent acts of government employees. *See United States v. Muniz*, 374 U.S. 150 (1963); *Montez v. United States*, 359 F.3d 392, 395 (6th Cir. 2004). Government employees include "officers and employees of any federal agency." 28 U.S.C. 2671. They do not include independent contractors such as the KCSD. *See United States v. Orleans*, 425 U.S. 807, 813-14 (1976). Accordingly, the United States cannot be held liable for the acts of KCSD. *See Logue v. United States*, 412 U.S. 521, 527-28 (1973).

To the extent plaintiff claims the USMS was negligent in placing him in a facility where he could not be adequately protected, there are several exceptions to the waiver of sovereign immunity under the FTCA. One is the discretionary function exception, which does not permit liability for any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary junction or duty on the part of federal agency or an employee of the Government, whether or not the discretion involved is abused." 28 U.S.C. § 2680(a). If the claim falls within the exception, the court lacks subject matter jurisdiction over the claim. *Rosebush v. United States*, 119 F.3d 438, 440 (6th Cir. 1997).

3

In determining whether the exception applies, the court must apply a two-step analysis. First, the court must determine whether the challenged conduct involved "'an element of judgment or choice.'" *United States v. Gaubert*, 499 U.S. 315, 322 (1991) (quoting *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)). If the first step is met, the court must then determine whether the judgment involved "'is of the kind that the discretionary function exception was designed to shield.'" *Id.* at 322-23 (quoting *Berkovitz*, 486 U.S. at 536). The purpose of the discretionary function exception is "to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 814 (1984). The court must therefore determine whether the discretionary conduct was a policy decision. If it was, then the discretionary function exception applies and the government is shielded from any liability which may be associated with the conduct at issue.

With regard to the first step of the analysis, the court concludes that the alleged conduct involved an element of choice. The USMS has a duty to "provide for the safe-keeping of" federal prisoners. 18 U.S.C. § 4086. Under 18 U.S.C. §§ 4002 and 4013, the USMS has discretion to contract with State and local correctional facilities to house federal prisoners. The Agreement between USMS and KCSD provides that KCSD will "provide for the secure custody, care and safekeeping of federal prisoners." [Doc. 3, Exhibit B, Intergovernmental Service Agreement, p. 2]. The decision to delegate duties to independent

4

contractors is subject to the discretionary function exception. *See Feyers v. United States*, 749 F.2d 1222, 1227 (6th Cir. 1984).

The court also concludes that the conduct involved in this case was the type which the discretionary function exception was designed to shield. The USMS's decision to delegate the custody and care of federal prisoners to the KCSD requires discretionary decisions in which policy considerations played a role. *See Williams v. United States*, 50 F.3d 299 (4th Cir. 1995).

> The decision to hire an independent contractor to render services for the United States is precisely the type of decision that the exception is designed to shield from liability because it involves exercising judgment based on considerations of policy, and the case law clearly establishes that the award of contracts falls within the ambit of the discretionary function exception.

*Id*. at 310.

Accordingly, this court lacks jurisdiction as to plaintiff's claim that the USMS is liable under a theory of negligent entrustment. "Because the United States has not waived its sovereign immunity with respect to discretionary functions, courts lack subject matter jurisdiction over acts falling within the discretionary function exception." *Montez v. United States*, 359 F.3d 392, 395 (6th Cir. 2004) (citation omitted).

The defendants' motion to dismiss will be **GRANTED** and this action will be **DISMISSED**. The court will **CERTIFY** that any appeal from this action would not be taken

in good faith and would be totally frivolous.  *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER**.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE